UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE A. GOMEZ,

                                        Petitioner,

v.

JOHN B. LEMPKE,

                                        Respondent.

_____

**REPORT, RECOMMENDATION AND ORDER**

09-CV-00086(A)(M)

Petitioner Jose Gomez, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on January 26, 2009 [1].[1] Hon. Richard J. Arcara has referred the case to me to hear and report on all dispositive motions [20]. Before me are petitioner's two motions to amend [17 and 22]. For the following reasons, I recommend that petitioner's first motion to amend [17] be denied and order that petitioner's second motion to amend [22] be granted.[2]

**BACKGROUND**

The petition, which was filed on January 26, 2009, alleges *inter alia* that petitioner was deprived of effective assistance of counsel when his first counsel falsely informed the prosecutor that he did not wish to testify before the grand jury, failed to protect

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     Because petitioner's first motion to amend is dispositive of a claim, I have treated it on a dispositive basis, whereas the second motion to amend does not seek dispositive relief.

petitioner's right to produce an alibi witness to the grand jury, and "failed to protect petitioner's constitutional rights by subrogating judgement at the grand jury". Petition [1], Ground Two. Respondent answered the petition on July 15, 2009, and petitioner moved on December 28, 2009 to amend his petition to argue that he was "denied the Sixth Amendment right to counsel altogether, when the Court permitted counsel to withdraw; following her admission in open court that she had neglected to advise the prosecutor of petitioner's wish to testify before the grand jury, without the Court appointing new counsel for, at least, two months". Petitioner's Motion [17], p. 2. On March 25, 2010, petitioner filed a second motion to amend the petition to include pages from the trial transcript [22].

"A motion to amend a habeas petition is not a successive habeas petition." See Littlejohn v. Artuz, 271 F. 3d 360, 363 (2d Cir. 2001). "The standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits is governed by Rule 15(a) of the Federal Rules of Civil Procedure." Cotton v. Burge, 2009 WL 3165868, *2 (W.D.N.Y. 2009) (Skretny, J.). Although the court should freely grant leave when justice so requires, courts "retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive", Littlejohn, 271 F.3d at 363, or "where it would be futile to do so". Clancy v. Phillips, 2005 WL 1560485, *2 (S.D.N.Y. 2005).

**A.     Petitioner's First Motion to Amend[17]**

Respondent argues that petitioner should not be granted leave to amend his petition because the claim is untimely and unexhausted. Respondent's Response [19].

Turning first to the timeliness of petitioner's amended claim, Judge Larimer previously applied equitable tolling to find that the petition was not time-barred despite being approximately 96 days untimely [4].  Thus, petitioner's current amended claim is clearly untimely and can only be rendered timely by the "relation back" doctrine.  A newly asserted claim "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth".  Mayle v. Felix, 545 U.S. 644, 650 (2005). "A claim will not relate back simply because it arises out of the same criminal proceeding." Wager v. Ercole, 2009 WL 1659741, *2 (S.D.N.Y. 2009).  "The 'relation back' requirement has been narrowly construed." Cotton, 2009 WL 3165868 at *3.

Petitioner does not dispute that his amended claim is time-barred. Rather, he appears to argue that it relates back to the ineffective assistance of claims in his original petition. *See* Petitioner's Reply [17], p. 2 ("he does not seek to raise a new claim . . . but, merely, to clarify the context of the facts of [his ineffective assistance of counsel claim]").  However, it is evident that petitioner's claim that he was deprived of his right to counsel is distinct from his pending claim that he was denied effective assistance of counsel.

Even "in the ineffective assistance of counsel context, a new claim does not relate back to an earlier one that relied on a different type of attorney malfeasance". Perez v. United States, 2009 WL 1606470, *4 (E.D.N.Y. 2009).  *See* Veal v. United States, 2007 WL 3146925, *5 (S.D.N.Y. 2007) ("Petitioner's new claims for ineffective assistance of counsel are separate in both time and type from the allegations raised in the original petition.  Accordingly, the United States could not have had fair notice of the newly alleged claims, and we must conclude that Petitioner's proposed amendment does not relate back to the original petition").  Therefore, given

the narrow construction of the "relation back" doctrine, I conclude that petitioner's amended claim that he was deprived of his right to counsel for a two-month period is time-barred.

Even if petitioner's amended claim was not time-barred, I would find that it would be futile to permit petitioner to amend his petition to assert this claim. A petitioner must exhaust all available state remedies, either on direct appeal or through a collateral attack on his conviction, before he may seek habeas relief in federal court. See 28 U.S.C. §2254(b)(1)(A). In order to exhaust state remedies, "the petitioner must appraise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition". Galdemez v. Keane, 394 F. 3d 68, 73 (2d. Cir. 2005), cert. denied, 544 U.S. 1025 (2005). Where state law remedies are no longer available, the claim will be deemed exhausted and procedurally barred. See Bossett v. Walker, 41 F. 3d 825, 828-29 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence)." Murphy v. Kirkpatrick, 2010 WL 3122811, *3 (W.D.N.Y. 2010) (Telesca, J.).

Petitioner's claim is based on his being deprived of counsel for a two-month period. The facts giving rise to this claim have been readily available to petitioner throughout, and he could have raised this claim on direct appeal, but he did not. Having failed to do so, "he cannot now take a second direct appeal nor can he now raise these claims on state collateral review because state collateral review is generally available only for claims that could not have been raised on direct appeal". Brewster v. People, 2010 WL 317919, *5 (E.D.N.Y. 2010) (citing

cases). Therefore, petitioner's claim, "although in actuality unexhausted, must be deemed exhausted since it is procedurally defaulted". Cruz v. Berbary, 456 F. Supp. 2d 410, 415 (W.D.N.Y. 2006)(Bianchini, M.J.). Petitioner has also not shown cause for the procedural default, prejudice therefrom or that failure to consider the claim will result in a fundamental miscarriage of justice.

At this stage, "amendment of the petition would be futile because the claim sought to be added to the petition is unexhausted. It has not been presented to the relevant state court(s) for resolution . . . . Moreover, if the Court permitted the petition to be amended, respondents would suffer prejudice by having to expend resources to respond to a new and unexhausted claim, approximately one year after the petition was filed, and over nine months after they filed an answer to the petition". Douglas v. Walker, 2000 WL 943509, *2 (S.D.N.Y. 2000). Therefore, I recommend that petitioner's motion to amend [17] be denied.

**B.     Petitioner's Second Motion to Amend[22]**

Although docketed as a second motion to amend the petition, petitioner's motion actually seeks to supplement Exhibit M to his response [16] to the respondent's answer to the petition. Petitioner's Motion [22]. Although the trial transcript has already been filed with the court, I see no prejudice to respondent in permitting petitioner to include certain pages of the trial transcript as an exhibit to petitioner's response. Therefore, I order that this motion be granted.

**CONCLUSION**

For these reasons, I recommend that petitioner's first motion to amend [17] be denied and order that petitioner's second motion to amend [22] be granted.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by September 27, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with

the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

Dated: September 8, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
