UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE A. GOMEZ, 05-B-3314,

        Petitioner,

        -v-                                       09-CV-0086(MAT)
                                                    **ORDER**

JOHN B. LEMPKE,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Jose A. Gomez ("petitioner") has made a timely application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Stueben County Court of Assault in the Second Degree (N.Y. Penal L. ("P.L.") § 120.05(2)), Attempted Assault in the Second Degree (P.L. §§ 110.00, 120.05(1)), Burglary in the Second Degree (P.L. § 140.25), Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02), Tampering with Physical Evidence (P.L. § 215.40), Criminal Mischief in the Fourth Degree (P.L. § 145.00), and Petit Larceny (P.L. § 155.25). Petitioner's judgment of conviction was entered on November 16, 2005, following a jury trial before Judge Joseph W. Latham. He is currently serving consecutive prison terms of 25 years to life.

## II. Factual Background and Procedural History

### A. Trial, Verdict and Sentence

On September 23, 2004, petitioner and another man, Randy Hall ("Hall"), were involved in an incident in the City of Corning, New

York, wherein one person was shot and two others stabbed during a fight. Thereafter, petitioner and Hall broke into another nearby house where petitioner proceeded to wash the knife he was carrying. He also stole clothing before leaving the house with Hall and getting into a taxicab. Police officers saw petitioner and Hall get into the cab and stopped it, but the two men fled on foot. Petitioner and Hall were apprehended after a brief chase. Police recovered the knife from petitioner's person and Hall's gun near the chase route. The incident was in connection with a drug theft; the shooting victim had allegedly stolen $200 worth of cocaine that petitioner had supplied to a fellow drug dealer. T. 654-87, 723-32, 887-96, 940-42, 992-98, 1060-67, 1093-97, 1101-19, 1157.[1]

As a result of that incident, petitioner and Hall were charged in Steuben County with attempted second-degree murder, three counts of second-degree assault, second-degree burglary, third-degree weapon possession, fourth-degree criminal mischief, petit larceny, and tampering with physical evidence.

Following a jury trial, petitioner was found guilty of second-degree assault, attempted second-degree assault, second-degree burglary, third-degree weapon possession, evidence tampering, fourth-degree criminal mischief, and petit larceny, and was acquitted of the attempted murder count. T. 1772-73.

---

[1] Citations to "T.__" refer to the trial transcript; citations to "S.__" refer to the sentencing transcript.

The prosecution then moved to adjudicate petitioner as a persistent felony offender pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 400.20, and on September 14, 2005, the trial court conducted a hearing to determine whether petitioner was, in fact, a persistent felony offender, and if so, whether he should receive an enhanced sentence.[2] During that hearing, the prosecution presented conviction certificates and other documentary evidence of petitioner's five felony convictions and four misdemeanor convictions. Petitioner presented witnesses and testified about his religious beliefs, as well as his struggle with alcohol and drug abuse. His attorney argued against an enhanced sentence, maintaining that petitioner could be rehabilitated through drug and alcohol treatment. Hr'g Mins dated 9/14/2005 at 23-27. Ultimately, the trial court found that the prosecution had established that petitioner had five felony convictions and a history of drug and alcohol abuse, for which he had not been successfully treated. Respondent's Exhibits ("Ex.") A at 2, 4. The court concluded that "extended incarceration and lifetime supervision of [petitioner] would best serve the public interest," and petitioner was adjudicated a persistent felony offender. Ex. A at 6.

---

[2] C.P.L. § 400.20(2) provides that:

When information available to the court prior to sentencing indicates that the defendant is a persistent felony offender, and when, in the opinion of the court, the available information shows that a persistent felony offender sentence may be warranted, the court may order a hearing to determine (a) whether the defendant is in fact a persistent felony offender, and (b) if so, whether a persistent felony offender sentence should be imposed.

3

Petitioner was subsequently sentenced to concurrent, indeterminate prison sentences of 25 years to life on the assault, attempted assault, burglary, weapon possession, and tampering counts, and concurrent, definite jail terms of one year for the petit larceny and mischief counts. S. 31-33; see P.L. § 70.10.

**B.  Direct Appeal**

Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, on the following grounds: (1) New York's persistent felony offender statute violated petitioner's right to equal protection; (2) petitioner was denied effective assistance of counsel in violation of the International Covenant on Civil and Political Rights; (3) petitioner was denied the effective assistance of counsel when his attorney failed to inform the prosecutor that he wished to testify at the grand jury; (4) the trial court improperly denied petitioner's motion to dismiss the indictment; (5) the trial court improperly admitted evidence of uncharged drug offenses; (6) petitioner's sentence was vindictive; (7) the sentence was harsh and excessive; (8) the trial court improperly considered certain evidence in adjudicating petitioner a persistent felony offender; (9) there were inaccuracies in petitioner's pre-sentence report; (10) the evidence of burglary was legally insufficient; and (11) the persistent felony offender statute violates the separation of powers doctrine. Ex. B. The Appellate Division unanimously affirmed the judgment of

conviction. People v. Gomez, 38 A.D.3d 1271 (4th Dept. 2007); Ex. E. Leave to appeal the decision of the Appellate Division was also denied. Ex. F-G.

### C. Post-Conviction Relief

Through counsel, petitioner filed a motion pursuant to C.P.L. § 440.20 seeking to vacate petitioner's sentence on the ground that New York's persistent felony offender statute violated petitioner's Sixth Amendment right to a jury trial. Ex. H. Steuben County Court summarily denied petitioner's motion without opinion, and leave to appeal that denial was denied by the Appellate Division, Fourth Department. Ex. I-L.

### D. Habeas Petition

In his *pro se* petition for habeas corpus (Dkt. #1), petitioner raises the following grounds for relief: (1) New York's persistent felony offender statute violated his Sixth Amendment right to a jury trial; (2) ineffective assistance of counsel on the grounds that his trial attorney failed to inform the prosecutor that petitioner wished to testify before the grand jury and failed to present an alibi witness at the grand jury proceeding; (3) he was denied his right to a fair trial when the trial court refused to dismiss the indictment on the ground that petitioner was denied his right to testify before the grand jury; (4) he was denied his right to a fair trial because the trial court permitted the prosecution to introduce evidence of petitioner's uncharged drug activities;

and (5) petitioner's sentence was punishment for having been acquitted of more serious charges. Petition ("Pet.") ¶ 12.

On December 28, 2009, petitioner moved to amend his petition to add additional ineffective assistance of counsel claims (Dkt. #17). On March 25, 2010, petitioner filed a second motion to amend the petition to include pages from the trial transcript as an exhibit to his responding papers (Dkt. #22). The Court denied petitioner's first motion to amend and granted petitioner's second motion to amend. (Dkt. ##30, 31). While petitioner's motions to amend were pending, the respondent filed a "Notice of Recent Decision" (Dkt. #26), requesting the Court to hold the petition in abeyance until the Second Circuit issued a decision for a petition for rehearing *en banc* in the case of Besser v. Walsh, 601 F.3d 163, 189 (2d Cir. 2010).[3] That motion was not resolved in either the Court's Report and Recommendation or in its Decision and Order (Dkt. ##30, 31), however, a stay is unnecessary at this point in light of the Second Circuit's recent decision in Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir. 2010), vacating Besser.

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

---

[3] The Besser Court held that New York's persistent felony offender statute, under which the petitioner was sentenced, violated the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the Sixth Amendment right to a jury trial. 601 F.3d 163.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the

state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

   B.   **Merits of the Petition**

      1.   **Constitutionality of New York's Persistent Felony Offender Statute**

Petitioner argues, as he did in his C.P.L. § 440.20 motion to set aside his sentence, that his enhanced sentence violated the precepts of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.[4] Pet. ¶ 12, Ground One. Petitioner was sentenced to a term of twenty-five years to life, pursuant to New York's discretionary persistent felony offender statute, codified at P.L. § 70.10.[5]

In April 2010, in a consolidated appeal of five § 2254 habeas petitions, a panel of the Second Circuit concluded that New York's persistent felony offender sentencing scheme violated the Sixth Amendment, and that the New York courts unreasonably applied clearly established Supreme Court precedent in holding otherwise, but remanded the matters to the district court for consideration of

---

[4] The Supreme Court in Apprendi held that "other than the fact of prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt." 530 U.S. at 490. Accord, Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); Cunningham v. California, 549 U.S. 270, (2007).

[5] P.L. § 70.10 provides that:

When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court . . . may impose the sentence of imprisonment authorized by that section for a class A-I felony [25 years to life].

whether those errors were harmless. See Besser v. Walsh, 601 F.3d 163, 189 (2d Cir. 2010). The matter was then reheard *en banc*, and, in a 7-3 decision, the Second Circuit held several months later in Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir. 2010), that the state courts did not engage in an unreasonable application of clearly established Supreme Court precedent in holding that § 70.10 does not run afoul of the Sixth Amendment[6]. Portalatin, 624 F.3d at 90-94. Besser, which had held otherwise, accordingly was vacated by Portalatin. Based upon the authority of Portalatin v. Graham, 624 F.3d 69, petitioner's Apprendi claim challenging his sentencing as a persistent felony offender under P.L. § 70.10 must be denied.

### 2.  Fair Trial: Grand Jury Claim

Petitioner complains that the trial court improperly refused to dismiss the indictment on the grounds that he was not permitted to testify before the grand jury. Pet. ¶ 12, Ground Three.

Petitioner's claim that was denied a fair trial on the basis that he was not permitted to testify before the grand jury is not cognizable on federal habeas review "because a defendant's right to testify before the grand jury is not a federal constitutional right; rather, it is a statutorily created right in New York." Lucius v. Filion, 431 F.Supp.2d 343, 346 (W.D.N.Y. 2006) (citing C.P.L. § 190.50(5)(a) ("When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such

---

[6] E.g., People v. Rivera, 5 N.Y.3d 61 (2005), cert. denied, 546 U.S. 984 (2005).

person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent."). As the New York Court of Appeals has explained, a "defendant's right to appear as a witness before the Grand Jury, in contrast to his Sixth Amendment constitutional right to submit evidence on his own behalf at trial, is derived exclusively from statute[.]" People v. Smith, 87 N.Y.2d 715, 724 (1996) (citing C.P.L. § 190.50(5)). Thus, there is no federal constitutional right to a grand jury in state criminal prosecutions. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972).

Moreover, it is well-settled that any possible defect in the grand jury proceeding is cured by a subsequent conviction. See Ballard v. Costello, No. 01-CV-1000 (FB), 2001 WL 1388297, *2 (citing Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989); Velez v. People of the State of New York, 941 F.Supp. 300, 316 (E.D.N.Y. 1996)); see also United States v. Mechanik, 475 U.S. 66, 70 (1986) (subsequent guilty verdict by petit jury renders any error in the grand jury proceedings harmless beyond a reasonable doubt). Accordingly, petitioner's claim that he was denied a fair trial because he was not permitted to testify at the grand jury proceeding is not cognizable on habeas review.

### 3. Ineffective Assistance of Counsel

In a related claim, petitioner argues that he was denied the effective assistance of counsel because his attorney failed to inform the prosecutor that the petitioner wished to testify before the grand jury and present an alibi defense. Pet. ¶ 12, Ground Two. The Appellate Division rejected this contention on the merits. Gomez, 38 A.D.3d at 1272. Under the federal standard, a habeas petitioner must show that his counsel provided deficient representation and that petitioner suffered prejudice as a result of that deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Based on the above-cited precedents, see supra Point III.B.2., petitioner cannot maintain a claim of ineffective assistance of trial counsel for counsel's omissions relating to the grand jury proceeding. District courts in this Circuit have repeatedly held that a claim of a "defective grand jury proceeding in the state court, albeit within the confines of an ineffective assistance of counsel claim, is not cognizable on federal habeas corpus." Velez, 941 F.Supp. at 315; Ballard, 2001 WL 1388297 at *2; Affser v. Murray, No. 04 CV 2715, 2008 WL 2909367, at *7 (E.D.N.Y. July 28, 2008) ("[C]ounsel's alleged failure to secure petitioner's presence before the grand jury does not constitute ineffective assistance") (collecting cases).

In any event, petitioner has not stated what he would have told the grand jury or what information his alibi witness would have presented that would have thwarted his indictment. See Velez, 941 F.Supp. at 316 ("Petitioner has not stated what he would have told the grand jury if he had had the opportunity to testify . . . . Thus, Petitioner has failed to show any prejudice resulting from the alleged failure of his attorney to secure an opportunity for him to testify before the grand jury.") Of course, had petitioner testified before the grand jury, he would have been cross-examined on his extensive criminal record. It therefore would have been a "sound tactical choice on trial counsel's part to recommend that [the petitioner] not testify in the grand jury since doing so would expose him to cross-examination about prior criminal misconduct." Reeb v. Woods, --- F.Supp.2d ---- , 2010 WL 4318914, * 3 (W.D.N.Y. 2010).

Based on the foregoing, petitioner's ineffective assistance of counsel claim must be dismissed.

### 4. Fair Trial: Improperly Admitted Evidence

Petitioner next claims, as he did on appeal, that the prosecution's introduction of petitioner's unrelated drug crimes violated his right to a fair trial. Pet. ¶ 12, Ground Three; Ex. B at 36-37. The Appellate Division held that the county court did not err in allowing the prosecution to present evidence of petitioner's past drug dealing activity, holding that "the evidence was relevant

with respect to the issue of defendant's motive for the assault, and the probative value of that evidence outweighed its prejudicial effect." Gomez, 38 A.D.3d at 1272.

Because the United States Supreme Court has declined to determine whether use of uncharged crimes would violate due process, the Appellate Division's rejection of petitioner's argument cannot be considered an unreasonable application of clearly established Supreme Court precedent. See Jones v. Conway, 442 F.Supp.2d 113 (S.D.N.Y. 2006) (citing Estelle v. McGuire, 502 U.S. 62, n.5 (1991). Moreover, "[a] decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under Molineux[7] constitutes an evidentiary ruling based on state law." Sierra v. Burge, 06 Civ. 14432, 2007 WL 4218926, *5 (S.D.N.Y. Nov.30, 2007). As such, state court Molineux rulings are generally not cognizable on habeas review. See Roldan v. Artuz, 78 F.Supp.2d, 260, 276 (S.D.N.Y. 2000). Rather, federal courts reviewing evidentiary matters may issue a writ of habeas corpus only if the petitioner demonstrates that the alleged evidentiary error violated a constitutional right and that the error "was so extremely unfair that its admission violates fundamental conceptions of justice." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation omitted). "For the erroneous admission of other unfairly

---

[7] Under People v. Molineux, 168 N.Y. 264 (1901), evidence of prior bad acts are admissible to show motive, intent, absence of mistake or accident, common scheme or plan, or identity of the person on trial.

14

prejudicial evidence to amount to a denial of due process, the item must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" Id. (quoting Johnson v. Ross, 955 F.2d 178, 181 (2d Cir. 1992); citing Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985) (evidence must be "crucial, critical, highly significant")).

Under New York law, evidence of prior bad acts is admissible to "prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." Molineux, 168 N.Y. at 293; see also People v. Alvino, 71 N.Y.2d 233, 242 (where evidence of uncharged crimes is admissible for such purposes, its probative value must exceed the potential prejudice to the defendant, a determination committed to the sound discretion of the trial court).

Here, Appellate Division properly applied these principles in determining that the trial court correctly admitted evidence of petitioner's prior drug activities to establish the motive for the assault in this case. The evidence demonstrated that petitioner and Hall attacked one of the victims because he had stolen $200 worth

15

of cocaine from drug dealer Manley Morrow ("Morrow"). Morrow's testimony that petitioner was his drug supplier was necessary evidence to establish why petitioner had an interest in avenging the theft. Moreover, petitioner cannot establish that this aspect of Morrow's testimony, even if erroneously admitted, denied petitioner of a fundamentally fair trial. See Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988). The proof of petitioner's guilt was substantial. Four witnesses present at the incident testified as to petitioner's role in the attack, testifying that petitioner and Hall started a fight, during which Hall shot one victim and two others were stabbed. The evidence also established that petitioner broke into another person's house, washed the bloody knife used in the stabbing, and stole the occupant's clothing. Thus, there is no reason to conclude that the jury would have acquitted petitioner but for the introduction of evidence that petitioner was Morrow's drug supplier. This claim must therefore be dismissed.

### 5. Vindictive Sentencing

Petitioner claims that the prosecutor vindictively sought to have petitioner sentenced as a persistent felony offender because he was acquitted of the top charge of the indictment, Attempted Murder in the Second Degree, and was convicted of less serious felony charges. Pet. ¶ 12, Ground Four. The Appellate Division summarily rejected this argument. Gomez, 38 A.D.3d at 1272.

Petitioner's conclusory assertion cannot form a basis for habeas relief. Petitioner presents no evidence that the prosecutor's decision to seek petitioner's adjudication as a persistent felony offender was vindictive or related to petitioner's acquittal on the greater count of the indictment. In fact, the record indicates that the prosecutor informed the court prior to trial that due to petitioner's prior criminal history, he was eligible to be adjudicated and sentenced as a persistent felon upon conviction of any of the felony charges in the indictment. T. 4. There is also nothing in the record to demonstrate that there was any impropriety in the prosecutor's decision to seek petitioner's adjudication as a persistent felony offender. Prior to his conviction, petitioner had five prior felony convictions.[8] Given petitioner's criminal history, the prosecutor was well within his discretion to seek petitioner's adjudication as sentence as a persistent felony offender. See P.L. § 70.10; C.P.L. § 400.20.

In sum, petitioner's claim is unfounded and without merit, and must be dismissed on this basis. See, e.g., Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (federal courts should not grant "habeas relief on the basis of little more than speculation with slight support"); Osinoiki v. Riley, CV-90-2097, 1990 WL 152540, at *2-3 (E.D.N.Y. Sept.28, 1990) (conclusory statements based on

---

[8] In 1991 and 1995, petitioner was convicted of fifth-degree drug sale. In 1991, he was convicted of attempted first-degree assault and fifth-degree drug possession. And, in 1988, he was convicted of attempted third-degree drug sale. Hr'g Mins. dated 9/14/2005 at 23-24.

speculation "are inadequate to satisfy petitioner's burden"); Skeete v. People of New York State, No. 03-CV-2903, 2003 WL 22709079, *2 (E.D.N.Y. Nov.17, 2003) (vague, unsupported allegations of constitutional violations and errors during petitioner's state trial did not assert a viable habeas claim.)

**IV. Conclusion**

For the reasons stated above, Jose A. Gomez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   January 20, 2011
         Rochester, New York